PATTERSON, Judge.
Tapia appeals from his convictions and sentences for second degree murder with a firearm and attempted first degree murder with a firearm. We affirm, but give the lower court leave to amend the judgments and sentences to comport with the jury verdict forms.
The issue in this case is whether, upon remand for resentencing due to invalid departure reasons, the trial court may use a recomputed guidelines scoresheet which results in a maximum sentence greater than the maximum sentence under the original scoresheet.
A trial court may correct a score-sheet miscalculation, apparent from the face of the record, at any time. State v. Whitfield, 487 So.2d 1045 (Fla.1986) (amending Fla.R.Crim.P. 3.800(a)); Lomont v. State, 506 So.2d 1141 (Fla. 2d DCA 1987). Upon resentencing, it was proper for the trial court to use a corrected score-sheet reflecting the offenses for which the jury found Tapia guilty. We reject Tapia’s contention that to do so upon remand is a violation of Shull v. Dugger, 515 So.2d 748 (Fla.1987).
To complicate the case, the state pointed out at the resentencing hearing that the judgment did not accurately reflect the jury verdict. It was necessary for this court to order Tapia to supplement the record with the jury verdict forms. Those forms show that the jury found Tapia guilty of second degree murder with a firearm and attempted first degree murder with a firearm. The corrected scoresheet properly reflects the points for those offenses.
The judgment, however, states that Ta-pia was adjudicated guilty of second degree murder with a firearm and attempted first degree murder, both designated as first degree felonies. The judgment should show, according to the jury verdict forms, convictions for second degree murder with a firearm and attempted first degree murder with a firearm. Furthermore, both these offenses are life felonies, not first degree felonies. §§ 782.04, 775.087, Fla. Stat. (1985).
Accordingly, we hold it was proper for the lower court to recalculate the score-sheet in this case and sentence Tapia to forty years imprisonment. We grant the lower court leave to amend the judgments *920 and sentences to reflect the proper offense and degree of each crime.
CAMPBELL, C.J., and PARKER, J., concur.