707 So.2d 1191 (1998)
Arthur Lee BROWN, Appellant,
v.
STATE of Florida, Appellee.
No. 97-05088.
District Court of Appeal of Florida, Second District.
April 1, 1998.
PER CURIAM.
Arthur Lee Brown appeals the order denying his motion for reduction or modification of sentence filed pursuant to Florida Rule of Criminal Procedure 3.800(c).[1] Mr. Brown filed his motion on June 19, 1997, which was twenty-eight days after his sentencing. On October 22, 1997, the trial court denied the motion stating that it was untimely because rule 3.800(b) motions must be filed within thirty days of sentencing and informing Mr. Brown that he had thirty days to appeal the order. The trial court erred in both rulings.
*1192 Orders issued pursuant to rule 3.800(c) are not appealable, although this court may exercise its certiorari jurisdiction to review the matter. See Moya v. State, 668 So.2d 279, 280 (Fla. 2d DCA 1996). Mr. Brown's motion requests mitigation of his sentence, not correction of a sentencing error. Therefore, his motion should have been considered on its merits as a timely filed rule 3.800(c) motion. See Roauer v. State, 697 So.2d 1303, 1304 (Fla. 2d DCA 1997).
Accordingly, we treat the appeal as a petition for writ of certiorari and grant the petition. The trial court's order is quashed, and the case is remanded for proper consideration of the motion.
CAMPBELL, A.C.J., and FULMER and QUINCE, JJ., concur.
NOTES
[1] The order states that the motion was filed pursuant to Florida Rule of Criminal Procedure 3.800(b). It is clear from the substance of the motion that it seeks discretionary reduction of the sentence within the sixty-day period permitted by old rule 3.800(b), which became rule 3.800(c) on January 1, 1997.