745 So.2d 499 (1999)
Lee A. DAVIS, Appellant,
v.
STATE of Florida, Appellee.
No. 99-1459.
District Court of Appeal of Florida, First District.
November 22, 1999.
Appellant, pro se.
Robert A. Butterworth, Attorney General, Tallahassee, for Appellee.
PER CURIAM.
Appellant, Lee A. Davis, appeals the trial court's denial of his Motion to Reduce or Modify Sentence. The trial court denied the motion, holding it lacked jurisdiction because the motion was not filed within 60 days after Appellant was sentenced. We reverse.
A trial court's order denying, on the merits, a Florida Rule of Criminal Procedure 3.800(c) motion to mitigate sentence is not appealable. Mitchell v. State, 719 So.2d 1258 (Fla. 1st DCA 1998). However, an appellate court may exercise its certiorari jurisdiction to review a case where the motion was denied for, among other reasons, lack of jurisdiction based on the motion's untimeliness. Brown v. State, 707 So.2d 1191 (Fla. 2d DCA 1998); Roauer v. State, 697 So.2d 1303 (Fla. 2d DCA 1997).
The record reveals Appellant timely filed a Motion to Enlarge Time, requesting an extension of time to March 25, 1999, in which to file a Motion for Modification or Reduction of Sentence. The trial court entered an order granting the motion and extended the time as requested. See Fla. R. Crim P. 3.050. Appellant filed his motion on March 24, 1999. Thus, the trial court had jurisdiction to consider the motion on the merits. Sullivan v. State, 677 So.2d 68 (Fla. 1st DCA 1996). The trial court's failure to do so constitutes a departure from the essential requirements of law. Moya v. State, 668 So.2d 279 (Fla. 2d DCA 1996).
REVERSED and REMANDED for consideration of Appellant's motion on the merits.
ALLEN, BENTON and BROWNING, JJ., CONCUR.