765 So.2d 847 (2000)
Mark A. SHANNON, Petitioner,
v.
STATE of Florida, Respondent.
No. 4D00-1552.
District Court of Appeal of Florida, Fourth District.
August 16, 2000.
*848 Mark A. Shannon, DeFuniak Springs, pro se.
Robert A. Butterworth, Attorney General, Tallahassee, and Mark Rosenblatt, Assistant Attorney General, Fort Lauderdale, for respondent.
WARNER, C.J.
Petitioner seeks certiorari review of the trial court's order denying his motion to reduce or modify his sentence pursuant to Florida Rule of Criminal Procedure 3.800(c). The trial court denied the motion as untimely. The state concedes that the court erred in denying the motion.
A trial court's order denying a motion brought under rule 3.800(c) is generally not appealable. See Lusskin v. State, 717 So.2d 1076, 1077 (Fla. 4th DCA 1998). However, we may exercise our certiorari jurisdiction to review a case where the motion was denied for lack of jurisdiction based upon the motion's untimeliness. See Brown v. State, 707 So.2d 1191, 1192 (Fla. 2d DCA 1998); Roauer v. State, 697 So.2d 1303, 1304 (Fla. 2d DCA 1997).
In the instant case the state concedes that the motion was timely, as it was filed within sixty days of denial of certiorari to petitioner's original direct appeal by the United States Supreme Court. See Fla. R.Crim. P. 3.800(c)(a motion to reduce may be filed "if further appellate review is sought in a higher court or in successively higher courts, then within 60 days after the highest state or federal court ... in which a petition for certiorari has been timely filed under authority of law, has entered an order ... denying certiorari"). See also The Florida Star v. B.J.F., 530 So.2d 286, 288 n. 3 (Fla.1988)("a district court decision rendered without opinion or citation constitutes a decision from the highest state court empowered to hear the cause, and appeal may be taken directly to the United States Supreme Court").
The petition is granted and the case is remanded to the circuit court for consideration of petitioner's motion.
STONE and GROSS, JJ., concur.