803 So.2d 846 (2001)
Mary D. JOLLY, Petitioner,
v.
STATE OF FLORIDA, Respondent.
No. 1D01-2098.
District Court of Appeal of Florida, First District.
December 31, 2001.
Petitioner, pro se.
Robert A. Butterworth, Attorney General; Bryan Jordan, Assistant Attorney General, Tallahassee, for Respondent.
PER CURIAM.
The Petitioner challenges the trial court's summary denial of her motion for reduction/modification of sentence filed pursuant to Florida Rule of Criminal Procedure 3.800(c). Although a trial court's order denying a Florida Rule of Criminal Procedure 3.800(c) motion to mitigate sentence on the merits is not appealable, an appellate court may exercise its certiorari jurisdiction to review a case where the motion was denied for lack of jurisdiction based on the motion's untimeliness. See Davis v. State, 745 So.2d 499, 499 (Fla. 1st DCA 1999); see also Roauer v. State, 697 So.2d 1303 (Fla. 2d DCA 1997).
The trial court denied the Petitioner's motion on the mistaken belief that it no longer had jurisdiction to rule. Because the motion was filed within 60 days of the date that mandate issued in the Petitioner's direct appeal, the motion was timely. See Fla. R.Crim. P. 3.800(c). Accordingly, we treat the Petitioner's appeal of that denial as a petition for writ of certiorari. We grant the petition, quash the trial court's order denying the Petitioner's motion for reduction/modification *847 of sentence, and remand with instructions for the trial court to consider the motion on its merits.
QUASHED AND REMANDED.
DAVIS, BENTON, and BROWNING, JJ., CONCUR.