810 So.2d 1043 (2002)
Andres ZAMORA, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D01-1076.
District Court of Appeal of Florida, Third District.
March 13, 2002.
Joaquin Perez, Sebring, for appellant.
Robert A. Butterworth, Attorney General and Darien M. Doe, Assistant Attorney General, for appellee.
Before SCHWARTZ, C.J., and LEVY and GREEN, JJ.
SCHWARTZ, Chief Judge.
After the defendant had been sentenced without objection[1] in accordance with the terms of a cooperation agreement which he admittedly violated, he filed a motion to reduce the sentence on the ground that, although not to the extent required by the agreement, he had "substantially assisted" the police. The trial court denied the motion without an evidentiary hearing and the defendant appeals.
We conclude that the order on review, which is essentially one denying a Florida Rule of Criminal Procedure 3.800(c) motion to reduce sentenceessentially the same as one denying what was formerly called a motion to mitigate under Rule 3.800(b)is unappealable. See Clewis v. State, 715 So.2d 1129 (Fla. 3d DCA 1998); Oser v. State, 699 So.2d 844 (Fla. 4th DCA 1997); Ziegler v. State, 380 So.2d 564 (Fla. *1044 3d DCA 1980). The appeal is therefore dismissed without prejudice to an appropriate application for post-conviction relief, if any.
Appeal dismissed.
NOTES
[1] At the sentencing hearing, when asked if the defendant had anything to say, Zamora's attorney replied:

Well, Judge, I would love to be heard. Unfortunatley, I don't know if there is much that I can say. There's a contract that was signed by Mr. Zamora.