821 So.2d 416 (2002)
Clyde LANCASTER, Appellant,
v.
STATE of Florida, Appellee.
No. 2D02-2247.
District Court of Appeal of Florida, Second District.
July 17, 2002.
PARKER, Judge.
Clyde Lancaster appeals from the trial court's order dismissing his motion for reduction or mitigation of sentence filed pursuant *417 to Florida Rule of Criminal Procedure 3.800(c). We treat the appeal as a petition for writ of certiorari, grant the petition, and direct the trial court to consider the motion on the merits.
Lancaster filed his motion for reduction or mitigation of sentence on April 12, 2002, seeking to reduce his five-year sentence for grand theft. The motion states that the date of his conviction and sentencing was January 23, 2001. In an order entered on May 1, 2002, the trial court dismissed the motion for lack of jurisdiction. The order stated that Lancaster had filed a notice of appeal on February 2, 2001, and that the appeal was still pending when the trial court entered its order of May 1, 2002, thus divesting the trial court of jurisdiction to rule on Lancaster's motion. See Holmes v. State, 711 So.2d 565 (Fla. 2d DCA 1997).
An order on a motion to reduce or mitigate sentence pursuant to rule 3.800(c) is not appealable, but it may be reviewed pursuant to this court's certiorari jurisdiction when a trial court dismisses or denies the motion for lack of jurisdiction due to the motion's untimeliness. See Roauer v. State, 697 So.2d 1303 (Fla. 2d DCA 1997); Moya v. State, 668 So.2d 279 (Fla. 2d DCA 1996); Jolly v. State, 803 So.2d 846 (Fla. 1st DCA 2001).
The trial court erred when it stated in its order that Lancaster's direct appeal was pending. It further erred when it dismissed Lancaster's motion for lack of jurisdiction. This court's records reflect that this court affirmed Lancaster's conviction and sentence on February 22, 2002, and mandate issued on March 22, 2002. Lancaster filed his motion to reduce or modify sentence on April 12, 2002, within sixty days of this court's mandate in his direct appeal; thus, the motion was timely. See Jolly, 803 So.2d 846 (quashing order which denied motion on the trial court's mistaken belief that it did not have jurisdiction to rule). The trial court's failure to consider Lancaster's motion on the merits was a departure from the essential requirements of law. See Moya, 668 So.2d 279; Davis v. State, 745 So.2d 499 (Fla. 1st DCA 1999).
Therefore, we treat this appeal as a petition for writ of certiorari, grant the petition, and quash the order dismissing Lancaster's motion. On remand, the trial court must consider Lancaster's motion for reduction or mitigation of sentence on the merits.
Petition granted and remanded for further proceedings.
ALTENBERND and SALCINES, JJ., concur.