838 So.2d 587 (2003)
Alan Jerome PRICE, Appellant,
v.
The STATE of Florida, Appellee.
Nos. 3D01-1557, 3D01-3162.
District Court of Appeal of Florida, Third District.
January 15, 2003.
Rehearing Denied March 5, 2003.
Bennett H. Brummer, Public Defender and Marti Rothenberg, Assistant Public Defender, for appellant.
Charlie Crist, Attorney General and Mark Rosenblatt, Assistant Attorney General, for appellee.
*588 Before JORGENSON, LEVY, and GREEN, JJ.
PER CURIAM.
The appellant, Alan Jerome Price, brings this consolidated appeal from two (2) orders entered following his motion for post-conviction relief.
On September 17, 1999 Price filed a motion for post-conviction relief to correct an illegal sentence alleging, in part, that his 134-year sentence for counts five, seven, nine, eleven, and thirteen were illegal because, pursuant to statute, the maximum term of years for life felonies committed after October 1, 1983, was forty (40) years. The trial court denied the motion, and Price appealed.
This court affirmed in part, reversed in part, and remanded for resentencing. Price v. State, 777 So.2d 423, 423 (Fla. 3d DCA 2001). Specifically, we found that:
the defendant's sentences for kidnaping under counts five, seven, nine, eleven, and thirteen were incorrectly classified as first degree felonies. Kidnaping with a weapon is classified as a life felony. See § 775.087(1)(a), Florida Statutes (2000). Therefore, we remand for resentencing under [s]ection 775.082(3)(a), Florida Statutes (2000).
Id.
The resentencing took place without Price present. The court vacated the 134-year consecutive sentences, and imposed a life sentence on each of the five counts, to run consecutively. Price appealed this increase in sentence. Subsequently, Price also filed a motion to correct sentence in the trial court claiming that the court had never entered a sentence correctly reflecting the court's retention of the jurisdiction. A hearing was held, at which the State conceded that the trial court could only retain jurisdiction over counts four (4) through sixteen (16) of the original sentence. The court entered a written order reflecting the same, and Price appealed.
While both of these appeals were pending, on November 14, 2001, the trial court resentenced Price, reclassifying, as per our mandate, the kidnaping with a weapon charges to life felonies. In addition, the court resentenced each of these counts to a sentence of 134 years to run consecutive to each other and count three.
To begin, the trial court lacked jurisdiction to impose or alter Price's sentence on November 14, 2001, where there were pending appeals from the sentences. See Knapp v. State, 741 So.2d 1150, 1151 (Fla. 2d DCA 1999) (trial court lacks jurisdiction to re-sentence defendant while appeal is pending). Accordingly, the November 14th sentencing order is stricken in its entirety. Price also argues, and we agree, that the 134-year sentences for counts five, seven, nine, eleven and thirteen are illegal, because the maximum term of years that may be imposed for a life felony is forty (40) years. See § 775.083(3)(a). Thus, we reverse and remand once again for resentencing.
On resentencing, we note that Price's assertion that the trial court is limited to imposing a term of years sentence for counts five, seven, nine, eleven and thirteen, is incorrect. If the court on resentencing chooses to sentence Price to a term of years on these counts, the maximum term sentence is forty years. However, on resentencing the trial court may instead choose to impose a statutorily prescribed harsher sentence, if it so chooses. See State v. Swider, 799 So.2d 388, 390 (Fla. 4th DCA 2001) (double jeopardy not violated where harsher sentence imposed after vacating illegal sentence); Perez v. State, 772 So.2d 577, 577 (Fla. 1st DCA 2000) (imposing habitual violent felony offender sentence following reclassification *589 of crime not violative of double jeopardy); Tapia v. State, 540 So.2d 918, 919 (Fla. 2d DCA 1989) (resentencing court could use re-computed scoresheet reflecting convictions as life felonies instead of first-degree felonies even though maximum sentence was greater). In addition, we note that if the trial court wishes to increase Price's sentence, the defendant's presence is required at the resentencing hearing. See e.g., Taylor v. State, 745 So.2d 341, 342 (Fla. 3d DCA 1999) citing Griffin v. State, 517 So.2d 669 (Fla.1987).
At resentencing, the court is also instructed to correct the retention of jurisdiction provision by eliminating retention over count one; and to have the sentences in this case run concurrently with the sentence imposed in case number 84-797.
Finding no merit to any of the other points raised, we reverse and remand this matter for a resentencing, to be held forthwith.
Reversed and remanded with instructions.