847 So.2d 1037 (2003)
Jeremy RIGGS, Petitioner,
v.
STATE of Florida, Respondent.
No. 1D02-0245.
District Court of Appeal of Florida, First District.
May 15, 2003.
Rehearing Denied June 18, 2003.
*1038 Pro se, for Petitioner.
Charlie Crist, Attorney General; and Giselle Lylen Rivera, Assistant Attorney General, Tallahassee, for Respondent.
PER CURIAM.
Jeremy Riggs, the petitioner, seeks certiorari review of the trial court's order denying his motion for modification/reduction of sentence. We have jurisdiction. See Jolly v. State, 803 So.2d 846 (Fla. 1st DCA 2001); Davis v. State, 745 So.2d 499 (Fla. 1st DCA 1999); Roauer v. State, 697 So.2d 1303 (Fla. 2d DCA 1997). However, Petitioner has not met the rigid standard of certiorari review. See Haines City Community Development v. Heggs, 658 So.2d 523 (Fla.1995) (stating that certiorari standard of review is whether circuit court afforded due process and complied with the essential requirements of law). Riggs misplaces his reliance on factually distinguishable cases like Jolly, Davis, and Roauer permitting certiorari review of the denial of a motion to reduce sentence where the trial court procedurally erred, e.g., by mistakenly basing the denial on a finding of untimeliness. The State correctly notes that an order denying a motion to mitigate sentence is not a directly appealable order. See, e.g., Zamora v. State, 810 So.2d 1043 (Fla. 3d DCA 2002); Oser v. State, 699 So.2d 844 (Fla. 4th DCA 1997); Lee v. State, 662 So.2d 731 (Fla. 2d DCA 1995); Daniels v. State, 568 So.2d 63 (Fla. 1st DCA 1990) (dismissing based on finding that district court lacked jurisdiction to review order denying mitigation or reduction of sentence). Therefore, Petitioner has demonstrated no proper basis for relief.
PETITION DENIED.
ALLEN, C.J., WEBSTER and BROWNING, JJ., concur.