854 So.2d 260 (2003)
Willie A. WARD, Appellant,
v.
STATE of Florida, Appellee.
No. 1D03-1557.
District Court of Appeal of Florida, First District.
September 12, 2003.
*261 Appellant Willie Andre Ward, pro se, Raiford.
Charlie Crist, Attorney General, Tallahassee, for Appellee.
PER CURIAM.
Willie A. Ward appeals an order of the circuit court denying his motion filed pursuant to Florida Rule of Criminal Procedure 3.850 as well as several other post-conviction motions. We affirm all of the circuit court's rulings except the order denying as untimely the Motion to Reduce or Modify Sentence, filed pursuant to Rule 3.800(c).
In denying the 3.800(c) motion, the circuit court made the following findings:
Motions to reduce or modify a sentence are governed by Florida Rule Criminal Procedure 3.800(c), which requires that the motion be filed within sixty (60) days of the date of the judgment and sentence. The time limit provided by the rule is jurisdictional. Therefore, Defendant failed to timely file his motion to reduce or modify his sentence and this Court was without jurisdiction to do anything but deny that motion.
(R. 64). On remand following his direct appeal, Ward was resentenced to a term of 25 years as an habitual felony offender in an order entered December 17, 2001. The next day, December 18, 2001, Ward served his Motion to Reduce or Modify Sentence, and it was stamped as filed with the court on December 21, 2001. Thus, the circuit court erred in finding the motion untimely.
"A trial court's order denying, on the merits, a Florida Rule of Criminal Procedure 3.800(c) motion to mitigate sentence is not appealable." Davis v. State, 745 So.2d 499, 499 (Fla. 1st DCA 1999). "However, an appellate court may exercise its certiorari jurisdiction to review a case where the motion was denied for, among other reasons, lack of jurisdiction based on the motion's untimeliness." Id. In this case, contrary to the court's determination, it did have jurisdiction to consider the motion on the merits and its failure to do so constitutes a departure from the essential requirements of law. See, e.g., Atkins v. State, 851 So.2d 829 (Fla. 1st DCA 2003); Jolly v. State, 803 So.2d 846 (Fla. 1st DCA 2001). Therefore, we treat the appeal of the denial of this order as a petition for writ of certiorari, quash the circuit court's order denying the motion, and remand with instructions for the court to consider the motion on its merits. See, e.g., Jolly, 803 So.2d at 846-47.
AFFIRMED in part; QUASHED and REMANDED in part.
KAHN, WEBSTER, and POLSTON, JJ., concur.