ROTHENBERG, Judge.
The defendant, Deron Delrease Green, appeals the trial court’s denial of his motion to mitigate his sentence. We affirm.
The defendant and co-defendant, Jat-wann Mills, were charged with three counts of armed robbery and one count of armed burglary. The evidence at trial was that the defendant and co-defendant entered a tow-truck company where the occupants were celebrating the birthday of *1247 one of the employees. The defendant, who was armed with a firearm, began yelling at the occupants that he was going to “bust a cap” and ordered everyone to lie down on the floor. The defendant held the occupants at gunpoint while the co-defendant, wearing a ski mask over his face, told the employees to listen to the defendant and to do as he ordered. The defendant ordered one occupant, Hidalgo, to hand over his wallet while the co-defendant took money and other property from the other two occupants. As the defendant and co-defendant backed towards the door to exit the establishment, the defendant pointed his gun threatening to fire it at one of the victims. Mr. Young, one of the occupants, actually heard the gun “click”. The fleeing defendants were' pursued by the employees who were able to apprehend the co-defendant while the defendant was subsequently apprehended by law enforcement.
After a joint jury trial, the defendant was convicted of one count of armed robbery and one count of armed burglary, while the co-defendant was convicted of two counts of robbery without a firearm and one count of burglary without a firearm. The defendant was sentenced to twenty-five years incarceration with a fifteen-year minimum mandatory on each count, to run concurrently with each other as a Habitual Violent Felony Offender, and to a ten-year minimum mandatory sentence on each count, to run consecutive to each other pursuant to the ten-twenty-life statute, Section 775.087(2), Fla. Stat. (2004).
The defendant filed a Motion to Correct Sentence pursuant to Rule 3.800(b)(2), Florida Rule of Criminal Procedure, based upon the imposition, of consecutive minimum mandatory sentences for offenses committed during a single criminal- episode, which was denied by the trial court. On appeal, this court, in reliance upon Daniels v. State, 595 So.2d 952 (Fla.1992), and Hale v. State, 630 So.2d 521 (Fla.1993) (holding that minimum mandatory sentences for offenses which arose from a single criminal episode must be imposed concurrently to each other), cert. denied, 513 U.S. 909, 115 S.Ct. 278, 130 L.Ed.2d 195 (1994), concluded that the trial court was not authorized to impose consecutive minimum mandatory sentences enhanced pursuant to section 775.087(2), the ten-twenty-life statute. Thus we reversed and remanded “for the imposition of concurrent • minimum mandatory sentences.” Green v. State, 845 So.2d 895, 896 (Fla. 3d DCA 2003).
On remand for the imposition of concurrent minimum mandatory sentences, the defendant filed a Motion to Mitigate Sentence and was given an opportunity by the trial judge to present evidence in support of the motion. After considering the testimony of witnesses and the argument of counsel, the trial court denied the Motion to Mitigate and simply imposed concurrent minimum mandatory sentences in compliance with our mandate.
The defendant contends that reversal and re-sentencing before another judge is mandated based upon the trial court’s improper consideration of the defendant’s protestations of innocence. As an order denying a defendant’s ‘ motion to mitigate sentence is a non-appealable order, Wilson v. State, 846 So.2d 1220 (Fla. 5th DCA 2003), we dismiss the defendant’s appeal. See Smith v. State, 902 So.2d 293 (Fla. 3d DCA 2005); Ward v. State, 854 So.2d 260, 261 (Fla. 1st DCA), review denied, 865 So.2d 482 (Fla.2003); Graham v. State, 845 So.2d 1016 (Fla. 3d DCA 2003); Royal v. State, 736 So.2d 157 (Fla. 3d DCA 1999).
Dismissed.