934 So.2d 614 (2006)
Alicia GRIFFIN, Appellant,
v.
STATE of Florida, Appellee.
No. 4D06-941.
District Court of Appeal of Florida, Fourth District.
July 26, 2006.
*615 Alicia Griffin, Florida City, pro se.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Myra J. Fried, Assistant Attorney General, West Palm Beach, for appellee.
PER CURIAM.
Defendant Alicia Griffin appeals from an order summarily denying her motion to correct illegal sentence, filed pursuant to rule 3.800(a), Florida Rules of Criminal Procedure. We affirm in part and reverse in part.
Defendant was charged by information with sixteen counts, all alleged to have occurred on December 13, 1990. She entered a nolo contendere plea to all the charges and received concurrent sentences, the longest being for fifty years. Among the charges were four counts (VI-IX) of kidnapping with a firearm, for each of which she was sentenced to fifty years in prison with a three-year mandatory minimum. In the instant motion, she claimed these sentences (as well as others) were illegal because the use of the firearm required a first degree felony to be reclassified to a life felony, section 775.087(1)(a), Florida Statutes (1989), for which the maximum term of years at the time the offenses were committed was forty years.
The motion was denied because the enhancement statute does not apply to an offense if the use of a firearm or weapon is an essential element of the offense. § 775.087(1). However, as the state agrees in its response to this court's order to show cause, use of a weapon or firearm is not an essential element of the offense of kidnapping a person.
Section 787.01(2), Florida Statutes (1989), makes kidnapping a person a first degree felony punishable by life. The use of a firearm should have enhanced the kidnapping offense to a life felony. § 775.087(1)(a), Fla. Stat. (Supp.1990); Price v. State, 838 So.2d 587 (Fla. 3d DCA 2003); Corbitt v. State, 697 So.2d 1310 (Fla. 4th DCA 1997). Section 775.082(3)(a), Florida Statutes (1989), provided that a life felony committed on or after October 1, 1983, could be punished either by life in prison or by a term of years not exceeding forty years. It could not be punished by a term of fifty years. Price.
Accordingly, we reverse in part and direct the trial court on remand to resentence Defendant to a legal sentence for counts VI-IX. In all other respects, the order on appeal is affirmed.
Affirmed in part; Reversed in part and Remanded for further proceedings.
KLEIN, HAZOURI and MAY, JJ., concur.