979 So.2d 1253 (2008)
Alicia GRIFFIN, Petitioner,
v.
STATE of Florida, Respondent.
No. 4D07-2064.
District Court of Appeal of Florida, Fourth District.
April 30, 2008.
Alicia Griffin, Florida City, pro se.
Bill McCollum, Attorney General, Tallahassee, and Myra J. Fried, Assistant Attorney General, West Palm Beach, for respondent.
PER CURIAM.
Alicia Griffin (Defendant) seeks certiorari review of a trial court order denying as untimely her rule 3.800(c) motion for mitigation and/or reduction of sentence. We grant the petition.
Defendant entered a nolo contendere plea to sixteen counts, all alleged to have occurred on December 13, 1990. On July 8, 1991, she was sentenced to various concurrent terms, the longest being fifty years, with a three-year mandatory minimum for use of a firearm. There was no direct appeal.
On July 1, 2004, the trial court granted her motion to correct illegal sentence and resentenced her for count I (attempted first degree felony murder with a firearm) to forty years. Thereafter, she filed another rule 3.800(a) motion, claiming that her fifty-year sentences for nine other offenses, all charged as having been committed with a firearm, were illegal because the use of the firearm should have required reclassification of the offenses to life felonies, for which the statutory maximum *1254 term was forty years at the time the offenses were committed. On appeal from the trial court's summary denial of the motion, this court reversed in part, agreeing with Defendant's position only with respect to her convictions for kidnapping with a firearm, counts VI-IX. Griffin v. State, 934 So.2d 614 (Fla. 4th DCA 2006).
On October 11, 2006, Defendant was resentenced to forty years for some of her counts (presumably, the four counts of kidnapping with a firearm), and remains sentenced to fifty years for several other counts.
On November 17, 2006, Defendant served a sworn pro se motion for mitigation and/or reduction of sentence, pursuant to rule 3.800(c), Florida Rules of Criminal Procedure, which she claimed was timely because fewer than sixty days had elapsed since her resentencing. The trial court set a hearing on the motion for December 8, 2006also within sixty days of the resentencingand ordered Defendant transported to attend it. Thereafter, Defendant received court notes which reflected that the trial court had denied her motion as untimely filed.
The trial court ultimately issued a written order on May 8, 2007, denying Defendant's motion for mitigation and/or reduction of sentence. It explained as follows:
There is case law that holds that a Defendant receives a second opportunity to file a rule 3.800(c) motion after resentencing pursuant to a direct appeal. See Word [sic] v. State, 854 So.2d 260 (Fla. 1st DCA 2003), see also Vrobel v. State, 884 So.2d 471 (Fla. 4th DCA 2004). However, there is no rule that suggests a Defendant receive additional opportunities after each resentencing pursuant to a collateral appeal on a sentence originally pronounced on July 8, 1991.
(Bold emphasis added).
Ward v. State, 854 So.2d 260 (Fla. 1st DCA), rev. dismissed, 865 So.2d 482 (Fla. 2003), concerned a rule 3.800(c) motion that was timely filed after a resentencing on remand from direct appeal proceedings. In Vrobel, the defendant filed his timely motion following affirmance of his conviction and sentence on direct appeal. 884 So.2d at 471.
Defendant seeks certiorari review of the trial court's implicit determination that it lacked jurisdiction to rule on her motion. Appellate courts may exercise their certiorari jurisdiction to review cases in which the reason for the denial of a rule 3.800(c) motion was lack of jurisdiction, based on the untimeliness of the motion. E.g., Marese v. State, 906 So.2d 331 (Fla. 4th DCA 2005) (granting petition where petitioner showed that he was not responsible for setting of hearing beyond the sixty day limit); Shannon v. State, 765 So.2d 847 (Fla. 4th DCA 2000) (granting petition where rule 3.800(c) motion was timely filed within sixty days of date of denial of certiorari by the United States Supreme Court as to petitioner's original direct appeal); Byrd v. State, 920 So.2d 825 (Fla. 2d DCA 2006) (quashing order dismissing rule 3.800(c) motion as untimely, though filed within a few days of voluntary dismissal of defendant's direct appeal).
Rule 3.800(c) (emphasis added) provides, in pertinent part, as follows:
A court may reduce or modify to include any of the provisions of chapter 948, Florida Statutes, a legal sentence imposed by it within 60 days after the imposition, or within 60 days after receipt by the court of a mandate issued by the appellate court on affirmance of the judgment and/or sentence on an original appeal, or within 60 days after receipt by the court of a certified copy of an order of the appellate court dismissing *1255 an original appeal from the judgment and/or sentence, or, if further appellate review is sought in a higher court or in successively higher courts, within 60 days after the highest state or federal court to which a timely appeal has been taken under authority of law, or in which a petition for certiorari has been timely filed under authority of law, has entered an order of affirmance or an order dismissing the appeal and/or denying certiorari.
Defendant maintains she filed her petition within the sixty-day period following her resentencing, and therefore the trial court departed from the essential requirements of law in deeming it to be untimely.
The state first contends that the trial court did not deny the motion as "untimely," but instead because no specific rule suggests that a defendant may receive additional opportunities to obtain relief under rule 3.800(c) after each resentencing pursuant to a collateral appeal.[1] Nevertheless, this case presents a timeliness question: does the rule make relief available only within the sixty-day period after either the original sentencing, the completion of the direct appeal process, or a resentencing as the result of such direct appeal process, or is relief also available within sixty days after the imposition of any new legal sentence imposed as the result of a collateral motion?
The state's second reason is that the rule is purely discretionary and Defendant did not establish that the trial court abused its discretion by denying her motion. It is clear, however, that the trial court never exercised its discretion. Defendant points out that the trial court obviously wanted to rule on the merits, because it held a hearing on her motion; but it ruled only as to its jurisdiction to rule.
This appears to be an issue of first impression in the appellate courts of this state. Neither party cites a reported opinion precluding the mitigation of a sentence pursuant to rule 3.800(c) following a resentencing which is the result of a successful collateral attack, or any examples in which such relief was granted. Nor have we been able to locate any.
We agree with Defendant that the clear language of the rule indicates it applies to her situation. The rule allows a trial court to "reduce or modify . . . a legal sentence imposed by it within 60 days after the imposition." It does not state that it cannot apply when a legal sentence is first imposed as the result of the correction of an illegal sentence due to a successful collateral attack on the sentence. Prior to October 11, 2006, Defendant's sentence was illegal. On that date, her legal sentence was imposed, thus giving the trial court jurisdiction to reduce or modify it.
Courts do use the term "imposition" of a sentence to describe resentencing pursuant to a postconviction motion. E.g., Dougherty v. State, 785 So.2d 1221, 1223 (Fla. 4th DCA 2001) (holding that a defendant has a right to be present at sentencing, whether the sentence to be "imposed" results from adjudication of guilt or from a successful rule 3.850 motion) (quoting from Barcelo v. State, 774 So.2d 895, 896 (Fla. 4th DCA 2001)); Wilson v. State, 947 So.2d 1225, 1226 (Fla. 1st DCA 2007) (direct appeal from sentence "imposed" after partial granting of rule 3.800(a) motion).
Furthermore, if there is a question as to precisely what is meant by the rule's phrase "legal sentence imposed," we are *1256 required to apply the rule of lenity. § 775.021(1), Fla. Stat. (2006) ("The provisions of this code and offenses defined by other statutes shall be strictly construed; when the language is susceptible of differing constructions, it shall be construed most favorably to the accused.") (emphasis added).
Accordingly, we grant the petition and quash the order on review. However, in light of the fact that the motion was filed within sixty days of Defendant's resentencing on October 11, 2006, we determine that she may seek mitigation and reduction of her sentence only as to the counts for which a legal sentence was imposed on that date.
We recognize that it does not make much sense for a defendant who was legally sentenced at the outset, or whose sentence was corrected promptly through the direct appeal process, to be limited to filing such a motion only within the sixty-day period after either the original sentencing, the completion of the direct appeal process, or a resentencing as the result of such direct appeal process, while a defendant who later succeeds in obtaining some form of relief from his or her sentence, no matter how slight, and no matter how long after his or her conviction and sentence became final, should thereby obtain the right to invoke the trial court's discretion in this way a second (or more) time.[2] As the issue appears to be one of first impression, we certify the following question as a matter of great public importance:
IS RELIEF PURSUANT TO RULE 3.800(c) AVAILABLE ONLY WITHIN THE SIXTY-DAY PERIOD AFTER EITHER THE IMPOSITION OF A CONVICTED DEFENDANT'S ORIGINAL SENTENCE, THE COMPLETION OF THE DIRECT APPEAL PROCESS, OR A RESENTENCING AS THE RESULT OF SUCH DIRECT APPEAL PROCESS, OR IS IT AVAILABLE ALSO WITHIN THE SIXTY-DAY PERIOD AFTER A LEGAL SENTENCE WAS IMPOSED AS THE RESULT OF THE FILING OF A COLLATERAL MOTION FOR POSTCONVICTION RELIEF?
Petition Granted, Order Quashed.
GROSS and TAYLOR, JJ., concur.
FARMER, J., dissents with opinion.
FARMER, J., dissenting.
I think a clearer statement of the issue and holding might be this. Defendant was convicted upon her plea of no contest in 1991. She never appealed her conviction or sentences. In 2004 she asked the trial court to correct an illegal sentence, which the court granted. She then filed another request to correct still another illegal sentence, which we granted, the trial court then making the correction. Now she has filed something entirely new, something having nothing to do with an illegal sentence. She now asks the trial judge to reduce her sentences under rule 3.800(c) that is, to grant her leniency and give her a shorter term.
Rule 3.800(c) allows a trial judge to reduce a sentence  provided the judge *1257 does so within 60 days of pronouncing the sentence.[3] Of course her sentences were final more than 16 years ago. The trial judge denied her request, saying in an order that he doubted she could even ask for such relief at this late date. The sea of ink representing the majority opinion says somewhere, yes, she can ask and the trial judge should therefore consider her request on the merits. I think the outcome and rationale are in error.
Rule 3.800(c) decisions are simply not reviewable by appellate courts.[4] The various provisions allowing criminal appeals do not include rule 3.800(c). They do include appeals of final orders entered upon requests under rule 3.850, but these must be filed within two years of the conviction. Nothing in any rule even hints that failures to grant mercy under rule 3.800(c) may be reviewed by anyone at any time. I would end this case here and now with a dismissal. We have no jurisdiction to do anything  not by appeal or writ. Even though we can tell a trial judge by mandamus to consider a timely 3.800(c) request, this one is so far outside that pale that our intervention is both unauthorized and unreasonable.
NOTES
[1] Presumably, the same reasoning would apply to resentencing following the granting of a collateral motion.
[2] A defendant who can file a rule 3.800(c) motion years after sentencing may be in a better position to advise the trial court of all the actions he or she has taken in the time following sentencing to express remorse and to rehabilitate himself or herself, becoming a person whom the trial court might be more willing to return earlier to society. We see no good policy reason to allow such discretion based on whether the defendant delayed seeking the correction of his or her illegal sentence to the filing of a collateral motion rather than having it corrected on direct appeal, or to give defendants an incentive for such delay.
[3] Rule 3.800(c) also makes the 60 day period within which relief must be sought begin to run after a direct appeal from the conviction/sentencing becomes final. Of course, here there was no direct appeal from the conviction/sentencing, so this added provision simply has no bearing on this case. A good part of the sea of ink represents a tortured attempt to make this added provision apply to the appeal she took from the trial judge's denial of her second request to correct an illegal sentence. By the rule's text, it does not.
[4] I do not think requests to correct an illegal sentence under rule 3.800(a) constitute collateral review. Rule 3.850 is collateral review. In any case, collateral review is not mentioned in rule 3.800(c). Its 60-day provision runs from direct appeal, not collateral review.