[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUG 25, 2008
THOMAS K. KAHN
CLERK

_____

No. 07-12575

_____

D. C. Docket No. 06-00088-CV-WTM-5

MINISTER WILLIE DAVIS,

Petitioner-Appellant,

versus

DONALD BARROW, Warden,
ATTORNEY GENERAL OF THE STATE OF GEORGIA,

Respondents-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

**(August 25, 2008)**

Before WILSON, PRYOR and COX, Circuit Judges.

PER CURIAM:

Minister Willie Davis appeals the district court's dismissal of his § 2254

habeas petition. The petition was dismissed as barred by the one-year statute of limitations period. 28 U.S.C. § 2244(d)(1). On appeal, Davis argues that his Georgia state motion to reconsider his sentence tolled the statute of limitations. Upon careful review of the record and the parties's briefs, and after hearing oral argument, we affirm.

The Antiterrorism and Effective Death Penalty Act imposes a one-year statute of limitations on federal habeas petitions. 28 U.S.C. § 2244(d)(1). Davis's limitations period began running on September 30, 2002, the date on which the challenged judgment became final. 28 U.S.C. § 2244(d)(1)(A); *see Bridges v. Johnson*, 284 F.3d 1201, 1202 (11th Cir. 2002) (noting that a judgment becomes final "on the date that the time for seeking direct review expire[s]").

Once triggered, the limitations period is tolled pending the resolution of a "properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment." 28 U.S.C. § 2244(d)(2). In *Alexander v. Sec'y, Dep't of Corrs.*, we held that a state court motion is not an application for State post-conviction or other collateral review for purposes of § 2244(d)(2) *unless it attacks the legality of the sentence.* 523 F.3d 1291, 1297-98 (11th Cir. 2008).

Davis's Georgia state motion to reconsider his sentence, filed pursuant to Ga. Code Ann. §17-10-1(f), did not raise any legal arguments or otherwise attack

2

the legality of his sentence. Instead, Davis made a plea to reduce his sentence, offering "to leave the county and not contact the victim as an alternative to some of the prison time." Accordingly, the one-year statute of limitations was not tolled pending consideration of Davis's §17-10-1(f) motion and his § 2254 petition is untimely.

AFFIRMED.