996 So.2d 255 (2008)
Robert BRANDER, Petitioner,
v.
STATE of Florida, Respondent.
No. 1D08-3032.
District Court of Appeal of Florida, First District.
December 12, 2008.
Robert Brander, pro se, Petitioner.
*256 Bill McCollum, Attorney General, and Edward C. Hill, Jr., Assistant Attorney General, Tallahassee, for Respondent.
Prior report: 974 So.2d 1070.
PER CURIAM.
Although a trial court's order denying a Florida Rule of Criminal Procedure 3.800(c) motion on the merits is not appealable, a trial court's order denying the motion for lack of jurisdiction based on the motion's untimeliness may be reviewed by this Court's certiorari jurisdiction. See Davis v. State, 745 So.2d 499, 499 (Fla. 1st DCA 1999).
As the State correctly concedes, the petitioner's motion to mitigate sentence pursuant to rule 3.800(c) was timely filed. Florida Rule of Criminal Procedure 3.800(c) provides:
A court may reduce or modify to include any of the provisions of chapter 948, Florida Statutes, a legal sentence imposed by it within 60 days after the imposition, or within 60 days after receipt by the court of a mandate issued by the appellate court on affirmance of the judgment and/or sentence on an original appeal, or within 60 days after receipt by the court of a certified copy of an order of the appellate court dismissing an original appeal from the judgment and/or sentence, or, if further appellate review is sought in a higher court or in successively higher courts, within 60 days after the highest state or federal court to which a timely appeal has been taken under authority of law, or in which a petition for certiorari has been timely filed under authority of law, has entered an order of affirmance or an order dismissing the appeal and/or denying certiorari. This subdivision shall not be applicable to those cases in which the death sentence is imposed or those cases in which the trial judge has imposed the minimum mandatory sentence or has no sentencing discretion.
(emphasis added). Although the trial court sentenced the appellant on February 7, 2007, this Court issued its mandate on March 12, 2008. The petitioner filed his motion on April 8, 2008, 27 days after the mandate was issued. As such, the petitioner's motion was filed within the 60-day time period prescribed by rule 3.800(c). Contrary to its order, the trial court had jurisdiction to consider the petitioner's motion on the merits. The trial court's failure to do so constitutes a departure from the essential requirements of the law. See Pruitt v. State, 932 So.2d 617 (Fla. 1st DCA 2006).
Accordingly, the petitioner's petition for writ of certiorari is granted, the trial court's order denying the petitioner's rule 3.800(c) motion for lack of jurisdiction is quashed, and the case is remanded to the trial court for further proceedings.
WOLF, LEWIS, and ROBERTS, JJ., concur.