[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAR 26, 2010
JOHN LEY
CLERK

_____

No. 09-14438
Non-Argument Calendar

_____

D. C. Docket No. 08-00337-CV-5-RH-AK

TYRONE BAKER,

Petitioner-Appellant,

versus

WALTER MCNEIL,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(March 26, 2010)

Before DUBINA, Chief Judge, TJOFLAT and FAY, Circuit Judges.

PER CURIAM:

Appellant Tyrone Baker, a Florida state prisoner proceeding *pro se*, appeals the district court's order dismissing his habeas corpus petition, brought under 28 U.S.C. § 2254, as barred by the one-year statute of limitations of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996). The district court issued a certificate of appealability ("COA") on the following issue: "whether a state-court motion for discretionary sentence reduction is an 'application for State post-conviction or other collateral review with respect to the pertinent judgment or claim' within the meaning of 28 U.S.C. § 2244(d)(2)." On appeal, Baker argues that instead of applying *Alexander v. Sec'y, Dep't of Corr.*, 523 F.3d 1291 (11th Cir. 2008), which held that a Florida Rule of Criminal Procedure 3.800(c) ("Rule 3.800(c)") motion is not a tolling motion, we should apply the contrary holding from *Robinson v. Golder*, 443 F.3d 718, 720-21 (10th Cir. 2006), in which the Tenth Circuit held that a motion for a sentence reduction was a tolling motion. He also argues that the holding in *Alexander* is unconstitutional.

"We review *de novo* a district court's determination that a habeas petition is time-barred." *Cramer v. Sec'y, Dep't of Corr.*, 461 F.3d 1380, 1383 (11th Cir. 2006). Because Baker is proceeding *pro se*, his argument is "entitled to liberal construction." *See Mederos v. United States*, 218 F.3d 1252, 1254 (11th Cir.

2

2000). However, appellate review is limited by the scope of the COA. *Murray v. United States*, 145 F.3d 1249, 1250-51 (11th Cir. 1998).

Section 2254 petitions are subject to a one-year statute of limitations. 28 U.S.C. § 2244(d)(1). This limitations period runs from the latest of one of four events, including the date on which the judgment became final. *Id.* "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation." 28 U.S.C. § 244(d)(2). To qualify as an "application for State post-conviction or other collateral review," a pleading must actually seek "review" by making a good faith request for legal relief from the court. *Sibley v. Culliver*, 377 F.3d 1196, 1200-01 (11th Cir. 2004).

Rule 3.800(c) states that "[a] court may reduce or modify . . . a legal sentence imposed by it." Fla.R.Crim.P. 3.800(c). "While Rule 3.800(c) does not enumerate any basis for which a petitioner may seek to reduce or modify his sentence, it presupposes that the sentence the court is being asked to reduce or modify is 'a legal sentence.'" *Alexander*, 523 F.3d at 1295. A panel of this Court has previously held that a Rule 3.800(c) motion is not a tolling motion under § 2244(d)(2). *Id.* at 1297-98. In this Circuit, a panel is bound by a prior panel decision even if it is convinced that the prior decision is wrong. *United States v.*

3

*Steele*, 147 F.3d 1316, 1317-18 (11th Cir. 1998) (*en banc*). We must follow that prior panel decision until such time as it is overruled by either this Court sitting *en banc* or the U.S. Supreme Court. *Cargill v. Turpin*, 120 F.3d 1366, 1386 (11th Cir. 1997).

In *Alexander*, the panel noted that a Rule 3.800(c) motion "assumes that the sentence sought to be modified or reduced is legal and functions effectively as a procedure for a petitioner to request leniency from the sentencing court based on mitigating circumstances." 523 F.3d at 1295. A tolling motion must contain some form of legal analysis. *Id.* at 1297. Therefore, relying on other circuit's language, we conclude that a Rule 3.800(c) motion that was only a plea for leniency, but not an attack on the constitutionality or legal correctness of a sentence, was not a tolling motion. *Id.* at 1297-99. We later clarified that a state court motion is not a tolling motion unless it attacks the legality of the underlying sentence or conviction. *Davis v. Barrow*, 540 F.3d 1323, 1324 (11th Cir. 2008).

Here, Baker is only arguing that the Tenth Circuit's contrary holding in *Robinson* is a better rule than the one we adopted in *Alexander*. However, because *Alexander*'s holding is directly on point, this Court is bound to apply *Alexander*. *See Cargill*, 120 F.3d at 1386. Therefore, Baker's Rule 3.800(c) motions were not tolling motions under § 2244(d)(2). *See Alexander*, 523 F.3d 1297-99.

4

Furthermore, we reject Baker's argument that the *Alexander* holding is unconstitutional. Accordingly, after review of the parties' briefs and consideration of the record, we affirm the district court's order denying habeas relief.

**AFFIRMED.**