[DO NOT PUBLISH]


IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUG 17, 2011
JOHN LEY
CLERK

No. 09-14438
Non-Argument Calendar
_____

D. C. Docket No. 08-00337-CV-5-RH-AK

TYRONE BAKER,

Petitioner-Appellant,

versus

WALTER MCNEIL,

Respondent-Appellee.


_____

Appeal from the United States District Court
for the Northern District of Florida
_____

(August 17, 2011)

**ON REMAND FROM THE SUPREME COURT
OF THE UNITED STATES**

Before DUBINA, Chief Judge, TJOFLAT and FAY, Circuit Judges.

PER CURIAM:

The Supreme Court granted a petition for writ of certiorari and vacated our judgment in *Baker v. McNeil*, 369 F. App'x 997 (11th Cir. 2010), *vacated Baker v. Buss*, ___ U. S. ___, 131 S. Ct. 1715 (2011), and remanded the case to us for further consideration in light of *Wall v. Kholi*, 562 U.S. ___, 131 S. Ct. 1278 (2011). We directed the parties to file simultaneous briefs discussing the effect, if any, of the decision in *Wall v. Kholi* on the outcome of this case. The case is once again ripe for decision.

**I**.

Appellant Tyrone Baker ("Baker"), a Florida state prisoner proceeding *pro se*, appealed the district court's order dismissing his habeas corpus petition, brought under 28 U.S.C. § 2254. The district court found the petition barred by the one-year statute of limitations of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). The district court issued a certificate of appealability ("COA") on the following issue: whether a state-court motion for discretionary sentence reduction is an application for State post-conviction or other collateral review with respect to the pertinent judgment or claim within the meaning of 28 U.S.C. § 2244(d)(2). Based on our precedent in *Alexander v. Sec'y, Dep't of Corr.*, 523 F.3d 1291, 1297–98 (11th Cir. 2008) (holding that a Florida Rule of

Criminal Procedure 3.800(c) motion is not a tolling motion under 28 U.S.C. § 2244(d)(2)), we affirmed the district court's judgment. In *Alexander*, we noted that a Rule 3.800(c) motion "assumes that the sentence sought to be modified or reduced is legal and functions effectively as a procedure for a petitioner to request leniency from the sentencing court based on mitigating circumstances." 523 F.3d at 1295. A tolling motion must contain some form of legal analysis. *Id.* at 1297. Therefore, we concluded that a Rule 3.800(c) motion that was only a plea for leniency, but not an attack on the constitutionality or legal correctness of the sentence, was not a tolling motion. *Id.* at 1297-99. We later clarified that a state court motion is not a tolling motion unless it attacks the legality of the underlying sentence or conviction. *Davis v. Barrow*, 540 F.3d 1323, 1324 (11th Cir. 2008).

In *Kholi*, the Supreme Court reviewed the question of whether a motion to reduce sentence under Rhode Island law tolled the AEDPA limitations period. The question involved the definition of the terminology "post-conviction or other collateral review with respect to the pertinent judgment" as stated in 28 U.S.C. § 2244(d)(2). 131 S. Ct. at 1281-82. The Court held "that the phase 'collateral review' in § 2244(d)(2) means judicial review of a judgment in a proceeding that is not part of direct review." *Id.* at 1282. The Court reasoned that "[b]ecause the parties agree that a motion to reduce sentence under Rhode Island law is not part

3

of the direct review process, we hold that respondent's motion tolled the AEDPA limitation period and that his federal habeas was therefore timely." *Id.*

## II.

Applying the Court's analysis of collateral review in *Kholi* to the case before us, we conclude that it does not alter our prior disposition. The Florida rule at issue here provides:

> A court may reduce or modify. . . . a legal sentence imposed by it within 60 days after the imposition, or within 60 days after receipt by the court of a mandate issued by the appellate court on affirmance of the judgment and/or sentence on an original appeal, or within 60 days after receipt by the court of a certified copy of an order of the appellate court dismissing an original appeal from the judgment and/or sentence, or, if further appellate review is sought in a higher court or in successively higher courts, within 60 days after the highest state or federal court to which a timely appeal has been taken under authority of law, or in which a petition for certiorari has been timely filed under authority of law, has entered an order of affirmance or an order dismissing the appeal and/or denying certiorari. This subdivision shall not be applicable to those cases in which the death sentence is imposed or those in which the trial judge has imposed the minimum mandatory sentence or has no sentencing discretion.

Fla. R. Crim. P. 3.800(c). Unlike the Rhode Island rules, Florida permits sentencing challenges on direct appeal, through a separate rule, Florida Rule of Criminal Procedure 3.800(a) (stating that a court may correct an illegal sentence at any time), and through the post-conviction process. Additionally, a Florida Rule 3.800(c) motion, contrary to a Rule 3.800(1) motion under the Federal Rules of

Criminal Procedure, is not a vehicle for raising legal error in the sentence. It vests the trial court with absolute discretion to mitigate a sentence.

Moreover, unlike the rules involved in *Kholi*, Florida law does not permit an appeal from the court's disposition of a Rule 3.800(c) motion and provides no mechanism for appellate review and has no applicable legal standards for the trial judge to consider in granting or denying the request. *See Williams v. State*, 907 So. 2d 1224, 1225 (Fla. Dist. Ct. App. 2005) ("The trial court's denial of a Rule 3.800(c) motion to mitigate is not appealable. . . . Thus, to the extent that Williams seeks appellate review of the trial court's disposition of his claim under Rule 3.800(c), we dismiss his appeal."); *Lancaster v. State*, 821 So. 2d 416, 417 (Fla. Dist. Ct. App. 2002) (same); *Bateman v. State*, 866 So. 2d 211, 211 (Fla. Dist. Ct. App. 2004) (same). Additionally, the filing of a 3.800(c) motion does not toll the time for the filing of a notice of appeal under Florida law. *See Thomas v. State*, 884 So. 2d 309, 311 (Fla. Dist. Ct. App. 2004) (stating that motions to modify sentences, unlike motions to correct sentencing errors, do not toll the time to file a notice of appeal)

Furthermore, we think it pertinent that only procedural issues concerning a 3.800(c) motion are reviewable by certiorari, *Knafel v. State*, 714 So. 2d 1195, 1195 (Fla. Dist. Ct. App. 1998), such as the timeliness of the rule 3.800(c). *See*

5

*e.g., Brown v. State*, 707 So. 2d 1191, 1192 (Fla. Dist. Ct. App. 1998) (finding that the state court erroneously denied motion for mitigation on the ground it was untimely); *Seward v. State*, 912 So. 2d 389, 390 (Fla. Dist. Ct. App. 2005) (finding motion timely because Seward filed it within sixty days after issuance of mandate that concluded direct appeal); *State v. Swett*, 772 So. 2d 48, 51, n. 3 (Fla. Dist. Ct. App. 2000) (holding that where trial court is without jurisdiction due to the untimely consideration of motion for mitigation and erroneously grants mitigation, appellate court will quash the order by way of certiorari).  This limited certiorari review does not encompass review of the validity of the sentence or any review related to the discretionary ruling made by the trial court on the Rule 3.800(c) request.

There is another vital distinction between the rules at issue in *Kholi* and the ones in our case.  In deciding *Kholi*, the Court relied heavily upon the fact that its interpretation would not complicate the work of the federal habeas court because it would not require federal courts to separate motions for reduced sentence into different categories.  That concern is not present in Florida because Rule 3.800(c) clearly is only a request for leniency.  The Rhode Island rule is not solely a request for leniency, and it provides guiding legal principles for the trial court in making its decision.  Thus, it is not part of the direct review process and is instead part of

the collateral review process. The Court rejected the state's version because it would "greatly complicate the work of the federal habeas courts" by requiring the courts "to separate motions for a reduced sentence into two categories: those that challenge a sentence on legal grounds and those that merely ask for leniency." *Kholi*, 562 U.S. at ___, 131 S. Ct. at 1288. To the contrary, Florida law delineates clearly its motions in separate rules—Rule 3.800(a) seeks relief directed to the legality of the sentence and Rule 3.800(c) requests only pleas for mercy. Thus, under the Florida rules at issue here, there is no collateral review— "judicial review that occurs in a proceeding outside of the direct review process"—as described in *Kholi*, 131 S. Ct. at 1289, that occurs pursuant to Rule 3.800(c). For the aforementioned reasons, we conclude that the Supreme Court decision in *Kholi* does not compel a different result in this case. Accordingly, we reinstate our previous opinion and affirm the district court's order denying Baker federal habeas relief.

AFFIRMED.