PER CURIAM.
In her petition for writ of certiorari, Petitioner, Lynette Manspeaker, challenges the trial court’s order denying her motion for reduction of sentence which she filed pursuant to Florida Rule of Criminal Procedure 3.800(c). As the State concedes, the trial court departed from the essential requirements of the law in denying Petitioner’s motion on the basis that sixty days had passed since receipt of this Court’s mandate from her direct appeal. As Petitioner contends, she timely filed her motion with the trial court within sixty days of the United States Supreme Court’s denial of her petition for writ of certiorari. See Fla. R.Crim. P. 3.800(c) (providing in part that a court may reduce or modify a legal sentence imposed by it within sixty days after the highest state or federal court to which a petition for certiorari has been timely filed under authority of law has entered an order denying certiorari); see also Shannon v. State, 765 So.2d 847, 848 (Fla. 4th DCA 2000) (granting the petitioner’s certiorari petition because the rule 3.800(c) motion, which was filed with the trial court within sixty days of the United States Supreme Court’s denial of the petitioner’s certiorari petition, was timely filed).
Accordingly, we GRANT the petition for writ of certiorari, QUASH the trial court’s order, and REMAND for consideration of the motion on the merits.
DAVIS, LEWIS, and MAKAR, JJ., concur.