NORTHCUTT, Judge.
Little Robert Robertson seeks a writ of certiorari to quash a circuit court order dismissing as untimely his motion to mitigate his sentence. We grant the petition.
In September 2011, Robertson was sentenced to a ten-year probationary term for extortion. He filed a motion for postcon-viction relief under Florida Rule of Criminal Procedure 3.850, challenging two conditions of probation. The State conceded that they were special conditions and that they had not been orally pronounced. The postconviction court granted Robertson’s motion and struck the two conditions.
Within sixty days of that order, Robertson filed a motion to mitigate his sentence under rule 3.800(c). Robertson scheduled a hearing on the motion, but he was given a hearing date that was beyond the sixty-day window permitted in the rule. He then filed a motion for enlargement of time. See Fla. R.Crim. P. 3.050. Instead, the circuit court summarily dismissed the motion to mitigate. The court concluded *1141 that the motion was untimely because it was filed more than sixty days after the original sentence was imposed and that the court thus lacked jurisdiction.
A certiorari petition is the proper method for challenging the dismissal of a rule 8.800(c) motion as untimely. Moya v. State, 668 So.2d 279 (Fla. 2d DCA 1996). Rule 3.800(c) provides in pertinent part as follows:
A court may reduce or modify ... a legal sentence imposed by it, sua sponte, or upon motion filed, within 60 days after the imposition, or within 60 days after receipt by the court of a mandate issued by the appellate court on affir-mance of the judgment and/or sentence on an original appeal, or within 60 days after receipt by the court of a certified copy of an order of the appellate court dismissing an original appeal from the judgment and/or sentence, or, if further appellate review is sought in a higher court or in successively higher courts, within 60 days after the highest state or federal court to which a timely appeal has been taken under authority of law, or in which a petition for certiorari has been timely filed under authority of law, has entered an order of affirmance or an order dismissing the appeal and/or denying certiorari.
(Emphasis added.)
Citing the language of the rule, Robertson points out that his initial sentence was illegal because it contained improper probation conditions. He argues that his legal sentence occurred when the circuit court granted his motion to correct his initial sentence. Thus, his motion to mitigate, filed within 60 days of the latter order, was timely. We agree that, under the plain language of rule 3.800(e), Robertson’s motion was timely. See Griffin v. State, 979 So.2d 1253,1255 (Fla. 4th DCA), review granted, 987 So.2d 1210 (Fla.2008), review dismissed, 4 So.3d 1218 (Fla.2009) (holding that period for mitigating sentence under rule 3.800(c) began when defendant was resentenced following appellate reversal of order denying motion to correct illegal sentence).
We grant the petition for writ of certio-rari and quash the order dismissing Robertson’s rule 3.800(c) motion as untimely.
Petition granted.
VILLANTI and WALLACE, JJ„ Concur.