PER CURIAM.
In his petition for writ of certiorari, Petitioner, Kyle B. Coker, challenges the trial court’s order denying his motion for reduction or modification of sentence, which he filed pursuant to Florida Rule of Criminal Procedure 3.800(c). As the State concedes, the trial court departed from the essential requirements of the law by denying Petitioner’s motion based on its finding that sixty days had elapsed since his sentencing and its conclusion that it lacked jurisdiction to consider the motion. As Petitioner argues, the trial court had jurisdiction to consider the motion because he timely filed it within sixty days of this Court’s order dismissing his direct appeal. See Fla. R.Crim. P. 3.800(c) (providing in part that “[a] court may reduce or modify to include any of the provisions of chapter 948, Florida Statutes, a legal sentence imposed by it, sua sponte, or upon motion filed, ... within 60 days after receipt by the court of a certified copy of an order of the appellate court dismissing an original appeal from the judgment and/or sentence”); see also Brander v. State, 996 So.2d 255, 256 (Fla. 1st DCA 2008) (granting the petition for writ of certiorari upon holding that the trial court’s failure to consider the merits of the petitioner’s rule 3.800(c) motion on the basis that it lacked jurisdiction constituted a departure from the essential requirements of the law because the motion was timely filed within sixty days of this Court’s mandate); Atkins v. State, 851 So.2d 829, 829 (Fla. 1st DCA 2003) (holding that the trial court departed from the essential requirements of the law where, pursuant to the mailbox rule, the petitioner timely filed his rule *431 3.800(c) motion within sixty days of this Court’s issuance of a mandate on his direct appeal).
Accordingly, we GRANT the petition for writ of certiorari, QUASH the trial court’s order, and REMAND for consideration of the motion on the merits.
LEWIS, C.J., THOMAS, and OSTERHAUS, JJ., concur.