PER CURIAM.
Petitioner, Teresa Ann Taylor, challenges the trial court’s order denying her motion to reduce sentence filed pursuant to Florida Rule of Criminal Procedure 3.800(c). As the State properly concedes, the trial court departed from the essential requirements of law by deeming Petitioner’s motion denied based on the finding that more than ninety days had elapsed since filing when only sixteen days had elapsed.
While a denial on the merits of a 3.800(c) motion is not appealable, denial “based on an erroneous calculation of time is one of the limited bases on which certiorari relief is available for rulings on motions to modify or reduce sentences.” Formolo v. State, 130 So.3d 749, 750 (Fla. 2d DCA 2014) (citing Lancaster v. State, 821 So.2d 416, 417 (Fla. 2d DCA 2002)). Because Petitioner timely filed the motion within sixty days of the imposition of her sentence, the *1286 trial court had ninety days from the date of filing to rule on the motion. See Fla. R. Crim. P. 3.800(c). At the time the trial court’s order was issued deeming the motion denied, the trial court still had jurisdiction to consider the motion on the merits, and the procedural error causing its failure to do so was a departure from the essential requirements of law. See Coker v. State, 139 So.3d 430 (Fla. 1st DCA 2014); Brander v. State, 996 So.2d 255, 256 (Fla. 1st DCA 2008); Davis v. State, 745 So.2d 499, 499 (Fla. 1st DCA 1999).
Accordingly, we GRANT the petition for writ of certiorari, QUASH the trial court’s order, and REMAND for consideration of the motion on the merits.
BENTON, ROWE, and MARSTILLER, JJ., concur.