PER CURIAM.
Affirmed. See Fla. R. Crim. P. 3.800(c) (providing that whether to reduce or mitigate a sentence lies within the discretion of the trial court, and a motion to mitigate must be filed within sixty days after the District Court of Appeal has issued its mandate on appeal); Howard v. State, 914 So.2d 455, 456 (Fla. 4th DCA 2005) (noting that Howard’s trial motion to mitigate his sentence was untimely, thus divesting the trial court with jurisdiction to address the motion, and an order denying a motion to mitigate a sentence is a non-appealable order); Riggs v. State, 847 So.2d 1037, 1038 (Fla. 1st DCA 2003) (finding that an order denying a motion to mitigate a sentence is a non-appealable order); Dixon v. State, 616 So.2d 61, 61 (Fla. 3d DCA 1993) (dismissing appeal as the denial of a motion to mitigate a sentence is a non-appeal-able order).