[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-12880
_____

D.C. Docket No. 4:14-cv-00062-MW-GRJ

MICHAEL ROGERS,

Petitioner-Appellant,

versus

SECRETARY, DEPARTMENT OF CORRECTIONS,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(May 2, 2017)

Before WILSON and JULIE CARNES, Circuit Judges, and HALL,[*] District
Judge.

WILSON, Circuit Judge:

_____

[*] Honorable James Randal Hall, United States District Judge for the Southern District of
Georgia, sitting by designation.

Michael Rogers argues, and the Secretary of the Florida Department of Corrections disputes, that Rogers's motion under Rule 3.800(c), Florida Rules of Criminal Procedure, tolled the time in which he could petition for federal habeas relief.  Under 28 U.S.C. § 2244(d)(2), this time is tolled during the pendency of a state prisoner's application for "collateral review."  The Supreme Court defines "collateral review" as any "judicial reexamination of a judgment or claim in a proceeding outside of the direct review process."  *Wall v. Kholi*, 562 U.S. 545, 553, 131 S. Ct. 1278, 1285 (2011).  Because a Rule 3.800(c) motion is an application for such judicial reexamination, we hold that Rogers's motion tolled the time in which he could petition for federal habeas relief.  We reverse the district court's dismissal of Rogers's petition and remand for further proceedings.

I.

Rogers was convicted of sexual battery on a minor under the age of 12 and sentenced, among other things, to life imprisonment.  The conviction and sentence became final on May 12, 2010.  On June 23, 2010, Rogers moved to reduce his sentence under Rule 3.800(c), which grants a Florida trial court the discretion to reduce a sentence after an appellate court's affirmation of the legality of the sentence.  The denial of the motion became final on August 9, 2011.  On October 28, 2011, Rogers moved under Rule 3.850, challenging the trial court's

2

jurisdiction over his criminal case.  The denial of the motion became final on August 5, 2013.

On January 31, 2014, Rogers petitioned for federal habeas relief under 28 U.S.C. § 2254.  The Secretary of the Florida Department of Corrections moved to dismiss the petition for, among other reasons, untimeliness.  The Secretary argued that the one-year limitations period in which Rogers could petition for federal habeas relief expired on July 27, 2011, and that Rogers's Rule 3.800(c) motion failed to toll this limitations period.  Neither party disputed the tolling effect of a Rule 3.850 motion.  Thus, the parties agreed that, if the Rule 3.800(c) motion tolled the limitations period, the federal habeas petition was timely and that, if the motion did not, the petition was untimely.

Recommending that the district court grant the Secretary's motion to dismiss, a magistrate judge stated, among other reasons, that the Rule 3.800(c) motion failed to toll the limitations period.  The district court adopted the recommendation, granted the motion, and dismissed the federal habeas petition.  Rogers appealed, and this court granted a certificate of appealability on one issue: "Whether Rogers's habeas petition was untimely under [§ 2244(d)(2)]."

## II.

Under § 2244(d)(2), a state prisoner can toll the one-year limitations period for a federal habeas petition by applying for "collateral review" in state court:

3

The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

The parties dispute whether a Florida prisoner's Rule 3.800(c) motion to reduce a sentence is an application for collateral review. Rule 3.800 states:

> **(a) Correction.** . . . A court may at any time correct an illegal sentence imposed by it . . . .
>
> . . . .
>
> **(c) Reduction and Modification.** A court may reduce or modify . . . a legal sentence imposed by it, sua sponte, or upon motion filed, within 60 days after the imposition . . . . If review is upon motion, the trial court shall have 90 days from the date the motion is filed or such time as agreed by the parties or as extended by the trial court to enter an order ruling on the motion. This subdivision shall not be applicable to those cases . . . in which the trial judge has imposed the minimum mandatory sentence or has no sentencing discretion.

Controlling our analysis here, *Kholi* likewise involved "the question whether a motion to reduce [a] sentence tolls the period of limitation under § 2244(d)(2)." 562 U.S. at 550, 131 S. Ct. at 1283. *Kholi* reviewed a Rhode Island prisoner's motion to reduce a sentence, which is a request under Rule 35(a), Rhode Island Superior Court Rules of Criminal Procedure:

> **Correction or reduction of sentence.** The court may correct an illegal sentence at any time. The court may correct a sentence imposed in an illegal manner and *it may reduce any sentence when a motion is filed within*

4

> *one hundred and twenty (120) days after the sentence is imposed . . . .* The court shall act on the motion within a reasonable time, provided that any delay by the court in ruling on the motion shall not prejudice the movant. The court may reduce a sentence, the execution of which has been suspended, upon revocation of probation.

(emphasis added).

After exploring the dictionary definitions of "collateral" and "review," *Kholi* determined that "review" is a "judicial reexamination" and that "collateral review" is any "judicial reexamination of a judgment or claim in a proceeding outside of the direct review process." *Id.* at 553, 131 S. Ct. at 1285 (internal quotation marks omitted). Also, *Kholi* noted that § 2244(d)(2) allows tolling for the purpose of incentivizing "litigants to exhaust *all* available state remedies before proceeding in the lower federal courts." *Id.* at 558, 131 S. Ct. at 1288 (internal quotation marks omitted). Waiting until a prisoner exhausts all available state remedies "furthers principles of comity, finality, and federalism." *Id.* (internal quotations marks omitted).

Based on the definition of collateral review and the purpose of tolling, *Kholi* concluded that a Rule 35(a) motion to reduce a sentence tolls the limitations period for a federal habeas petition.

### III.

We review de novo a dismissal of a federal habeas petition as time barred. *Cole v. Warden, Ga. State Prison*, 768 F.3d 1150, 1155 (11th Cir. 2014). After

5

de novo review and in accord with *Kholi*, we hold that a Rule 3.800(c) motion is an application for collateral review, which tolls the limitations period for a federal habeas petition. A Rule 3.800(c) motion fits squarely within *Kholi*'s definition of an application for collateral review. Under Rule 3.800(c), a prisoner can move for a reduction or modification of a legal sentence. Such a motion is "outside of the direct review process" and is an application to the court for a reexamination of a sentence. *See Kholi*, 562 U.S. at 553, 131 S. Ct. at 1285.

Also, *Kholi*'s emphasis on the "principles of comity, finality, and federalism" compels our conclusion that a Rule 3.800(c) tolls the limitations period. *See id.* at 558, 131 S. Ct. at 1288 (internal quotation marks omitted). Based on these principles, we must respect Florida's choice to offer to its prisoners the remedy in Rule 3.800(c) by waiting to intervene until after a Florida court resolves an application for such remedy. A Florida court's resolution of a Rule 3.800(c) motion might even "obviat[e] the need for" a prisoner to petition for federal habeas relief. *Id.*

Arguing that a Rule 3.800(c) motion fails to toll because the motion is "a request for leniency"—not an "attack on the legality of" a sentence—the Secretary relies on *Alexander v. Secretary, Department of Corrections*, 523 F.3d 1291 (11th Cir. 2008). However, a prior panel's holding is not binding if it has been "overruled or undermined to the point of abrogation by the Supreme Court."

6

*United States v. Archer*, 531 F.3d 1347, 1352 (11th Cir. 2008).  Published before

the Supreme Court's decision in *Kholi*, *Alexander* held that an application for

collateral review must challenge the legality of a sentence.  *Alexander* was one of

many cases exemplifying a split between circuits holding that a "motion to reduce

[a] sentence does not toll" and circuits holding that a "motion to reduce [a]

sentence tolls."  *See Kholi*, 562 U.S. at 550 n.2, 131 S. Ct. at 1283 n.2.  And *Kholi*

resolved the circuit split by holding that *any* "judicial reexamination of a judgment

or claim in a proceeding outside of the direct review process" tolls the limitations

period under § 2244(d)(2).  *See id.* at 553, 131 S. Ct. at 1285.  In other words,

*Kholi* abrogated *Alexander* and similar cases by holding that an application for

collateral review need not challenge the legality of a sentence.  *See id.*  The

Secretary's argument and reliance on the abrogated *Alexander* is misguided.

Also, arguing against the tolling effect of a Rule 3.800(c) motion, the

Secretary distinguishes Rule 3.800(c) from Rhode Island's Rule 35(a).[1]  This

argument is also misguided; none of the highlighted differences prevents *Kholi*

from applying to a Rule 3.800(c) motion.  The Secretary highlights that a Florida

prisoner generally cannot appeal the denial of a Rule 3.800(c) motion; that no legal

---

[1] In support of this argument, the Secretary cites an unpublished per curiam opinion, *Baker v. McNeil*, 439 F. App'x 786, 787 (11th Cir. 2011).  In this circuit, an unpublished opinion "may be cited as persuasive authority" but is "not considered binding precedent."  11th Cir. R. 36-2; *see also Bonilla v. Baker Concrete Const., Inc.*, 487 F.3d 1340, 1345 n.7 (11th Cir. 2007) ("Unpublished opinions are not controlling authority and are persuasive only insofar as their legal analysis warrants.").

standard exists governing the outcome a Rule 3.800(c) motion; and that a

Rule 3.800(c) motion does not toll the limitations period for direct appeal.

However, *Kholi* explained that collateral review constitutes *any* "judicial

reexamination of a judgment or claim in a proceeding outside of the direct review

process." 562 U.S. at 553, 131 S. Ct. at 1285. No requirement exists that an

application for collateral review include the ability to appeal a trial court's

reexamination of a sentence; that a legal standard govern the reexamination; and

that the tolling practices of the state influence whether a motion tolls the

limitations period for a federal habeas petition.

The Secretary identifies another difference in the two states' rules. In Rhode

Island, the same subsection—Rule 35(a)—governs a prisoner's motion to correct

an illegal sentence and his motion for a reduction of a sentence. In Florida,

different subsections—Rule 3.800(a) and (c)—govern these motions. The

Secretary argues that, because of this difference, one of *Kholi*'s reasons for holding

that a Rule 35(a) motion tolls the limitations period is inapplicable to a

Rule 3.800(c) motion. *Kholi* explained that, if a Rule 35(a) motion *to correct an*

*illegal sentence* tolls the limitations period and a Rule 35(a) motion *for reduction*

*of a legal sentence* does not, it would "greatly complicate the work of federal

habeas courts" to have to determine which type of motion a prisoner had filed. *Id.*

The Secretary argues that in Florida, as long as a prisoner clarifies that his motion

8

was under Rule 3.800(c), which governs only the reduction of a legal sentence, a federal court evaluating the timeliness of the prisoner's federal habeas petition would not need to determine what type of state motion the prisoner had filed. However, this difference between the rules is immaterial. *Kholi*'s concern in requiring federal courts to determine the nature of a state motion served only to supplement *Kholi*'s two primary reasons for holding that a motion to reduce a sentence tolls—the definition of collateral review and the purpose of tolling. And, as explained above, the primary reasons compel the conclusion that a Rule 3.800(c) motion tolls.

Finally, the Secretary argues that allowing a Rule 3.800(c) motion to toll the limitations period not only allows "criminal judgments [to be] long subject to federal habeas actions," which "would thwart [§ 2244]'s foundation in comity," but also "allow[s] inmates to toll the federal limitation period at will." This argument is misguided because Rule 3.800(c) limits the number of days in which a prisoner can move for reduction of a sentence—60 days after final judgment.

IV.

A motion under Rule 3.800(c), Florida Rules of Criminal Procedure, tolls the limitations period for a federal habeas petition. We reverse the district court's dismissal of Rogers's petition for federal habeas relief and remand for further proceedings.

9

**REVERSED AND REMANDED.**