[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-11239
Non-Argument Calendar
_____

D.C. Docket No. 8:13-cv-00837-MSS-TGW


DAVID LEE GREEN,

Petitioner-Appellant,

versus

SECRETARY, FLORIDA DEPARTMENT OF CORRECTIONS,
ATTORNEY GENERAL, STATE OF FLORIDA,

Respondents-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(November 16, 2017)

Before MARCUS, JORDAN, and JULIE CARNES, Circuit Judges.

PER CURIAM:

Petitioner David Green, a Florida prisoner, appeals the district court's dismissal of his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. The district court dismissed Petitioner's § 2254 petition as untimely after concluding that his motion for reduction of sentence under Florida Rule of Criminal Procedure 3.800(c) did not toll the Antiterrorism and Effective Death Penalty Act's ("AEDPA") one-year statute of limitations. While Petitioner's appeal was pending in our Court, we issued *Rogers v. Secretary, Department of Corrections*, 855 F.3d 1274, 1278–79 (11th Cir. 2017), in which we held that a Rule 3.800(c) motion tolls the AEDPA's one-year statute of limitations. In light of our decision in *Rogers*, we conclude that the district court erred by determining that Petitioner's § 2254 petition was time-barred. We reverse the district court's dismissal of Petitioner's federal habeas petition and remand for further proceedings.

## I.    BACKGROUND

In 2002, a jury found Petitioner guilty of solicitation to commit murder in the first degree. Petitioner was sentenced to 30 years' imprisonment. His conviction and sentence were affirmed on June 6, 2003.

2

On August 18, 2003, Petitioner filed a Rule 3.800(c) motion to reduce or modify his sentence.[1] The Florida trial court denied Petitioner's motion on October 26, 2004. Petitioner filed a petition for certiorari with the Florida appellate court, which was dismissed on July 8, 2005.

In the meantime, on June 9, 2005, Petitioner filed a motion for state post-conviction relief pursuant to Florida Rule of Criminal Procedure 3.850, in which he raised several claims related to ineffective assistance of counsel. After the Florida trial court denied Petitioner's motion, the Florida appellate court reversed and remanded one claim back to the trial court. The Florida trial court denied that claim on April 1, 2011. The Florida appellate court affirmed, and the mandate issued on November 16, 2012.

On April 2, 2013, Petitioner filed his § 2254 petition in federal district court. The State responded that Petitioner's habeas petition was untimely, as it was filed outside of the one-year statute of limitations. Specifically, the State argued that Petitioner's Rule 3.800(c) motion did not toll the statute of limitations.

Finding the State's argument persuasive, the district court dismissed Petitioner's § 2254 petition as time-barred. The district court explained that

---

[1] In its response, the State asserted that it did not have access to a copy of Petitioner's 3.800(c) motion. However, the State did not challenge the assertion that the Rule 3.800(c) motion was filed on August 18, 2003, and, in fact, appears to concede that the motion was filed on that date. Indeed, the State asserts in its brief on appeal that it accepts the description of the course of proceedings as stated in Petitioner's initial brief—which provides in relevant part that Petitioner's Rule 3.800(c) motion was filed on August 18, 2003.

3

because Petitioner's conviction became final on September 4, 2003, without any tolling motions, the one-year statute of limitations under § 2244(d)(1)(A) expired on September 7, 2004.[2]  In particular, the district court concluded that Petitioner's Rule 3.800(c) motion did not toll the limitations period.  Accordingly, the district court dismissed the habeas petition.

A member of this Court issued Petitioner a certificate of appealability on the following issue:

> Whether [Petitioner's] Fla. R. Crim. P. 3.800(c) motion to reduce his sentence tolled the statute of limitations, such that the District Court erred when it dismissed his 28 U.S.C. § 2254 petition for a writ of habeas corpus as untimely.

## II.   DISCUSSION

We review *de novo* the district court's determination that a petition for federal habeas corpus relief is time-barred under 28 U.S.C. § 2244(d).  *Steed v. Head*, 219 F.3d 1298, 1300 (11th Cir. 2000).

The AEDPA imposes a one-year period of limitation on applications for a writ of habeas corpus by state prisoners.  28 U.S.C. § 2244(d)(1).  The one-year period begins to run from the latest of four triggering events, including "the date on which the judgment became final by the conclusion of direct review or the

---

[2]  Because September 4, 2004, fell on a Saturday and September 6, 2004, was a federal holiday, the expiration of the one-year statute of limitations was the following Tuesday:  September 7, 2004.  *See* Fed. R. Civ. P. 6(a)(1)(C) ("[I]f the last day [of the period] is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday.").

expiration of the time for seeking such review." *Id.* § 2244(d)(1)(A).  However, section 2244(d)(2) provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."  *Id.* § 2244(d)(2).

Petitioner's conviction became final on September 4, 2003, the date on which the 90-day period for filing a petition for *certiorari* with the United States Supreme Court expired.  *See Nix v. Sec'y for Dep't of Corr.*, 393 F.3d 1235, 1236–37 (11th Cir. 2004) (concluding that a state prisoner's conviction became "final" for purposes of § 2244(d)(1)(A) on the date the 90-day period for filing a *certiorari* petition in the U.S. Supreme Court expired); *Bond v. Moore*, 309 F.3d 770, 773–74 (11th Cir. 2002) (same).  Without tolling, Petitioner's one-year limitations period expired on September 7, 2004.  *See* 28 U.S.C. 2244(d)(1)(A).  Petitioner filed his Rule 3.800(c) motion on August 18, 2003, before his conviction became final and prior to the expiration of the one-year limitation period.  It is undisputed that if Petitioner's Rule 3.800(c) motion tolled the statute of limitations, his § 2254 petition was timely filed.  Indeed, the district court stated that Petitioner's "2254 petition was filed within the one-year limitation if both the Rule 3.800(c) and the Rule 3.850 proceedings tolled the limitation."

5

Relying on our decision in *Alexander v. Secretary, Department of Corrections*, 523 F.3d 1291 (11th Cir. 2008), however, the district court determined that Petitioner's Rule 3.800(c) motion did not toll the one-year statute of limitations. Our decision in *Alexander* held that a Rule 3.800(c) motion is not "an application for State post-conviction or other collateral review with respect to the pertinent judgment" because it does not attack the legality of a sentence. *Alexander*, 523 F.3d at 1297–98. Because such a motion was not an application for state post-conviction or other collateral review, we concluded that a Rule 3.800(c) motion does not toll the AEDPA's one-year statute of limitations. *Id.* at 1298.

Following our decision in *Alexander*, the Supreme Court issued *Wall v. Kholi*, 562 U.S. 545 (2011), in which it held that a motion to reduce a sentence under Rhode Island Rule of Criminal Procedure 35(a) is an application for collateral review that tolls the AEDPA's limitations period. *Kholi*, 562 U.S. at 553–54, 556. In so holding, the Supreme Court explained that the term collateral review refers to a "judicial reexamination of a judgment or claim in a proceeding outside of the direct review process." *Id.* at 553.

After the filing of Petitioner's initial brief, we issued our decision in *Rogers*, where we considered whether the Supreme Court's decision in *Kholi* abrogated *Alexander*. *See Rogers*, 855 F.3d at 1277–78. We concluded that it did because

*Kholi* made clear that an application for collateral review "need not challenge the legality of a sentence." *Id.* at 1277–78.  We determined that a Rule 3.800(c) motion fell within the Supreme Court's definition of an application for collateral review because it is a "judicial reexamination of a judgment or claim in a proceeding outside of the direct review process." *Id.* at 1275, 1277–79.  We thus held that a Rule 3.800(c) motion tolls the limitation period under § 2244(d)(1).  *Id.* at 1278–79.

In light of our decision in *Rogers*, the district court erred by determining that Petitioner's Rule 3.800(c) motion did not toll the AEDPA's one-year statute of limitations.  *See Rogers*, 855 F.3d at 1277–79; *see also Wright v. Sec'y for Dept. of Corr.*, 278 F.3d 1245, 1259 (11th Cir. 2002) (explaining that we are bound to follow our prior panel precedent). Petitioner's 3.800(c) motion was filed on August 18, 2003, before his conviction became final, and his Rule 3.850 motion was filed while his Rule 3.800(c) motion was still pending.  Because both motions tolled the statute of limitations, the one-year limitations period did not begin to run until the conclusion of Petitioner's Rule 3.850 proceedings on November 16, 2012. *See Rogers*, 853 F.3d at 1277–79; *Cadet v. Fla. Dep't of Corr.*, 853 F.3d 1216, 1219 (11th Cir. 2017) (indicating that a Rule 3.850 motion sufficiently tolls the AEDPA's statute of limitations).  Because the limitations period did

7

not expire until November 18, 2013,[3] Petitioner's § 2254 petition filed on April 2, 2013, was timely.  Accordingly, we reverse the district court's dismissal of Petitioner's § 2254 petition as time-barred and remand for further proceedings.

**REVERSED AND REMANDED.**

---

[3] This date accounts for the fact that November 16, 2013, fell on a Saturday.  *See* Fed. R. Civ. P. 6(a)(1)(A), (C).