[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-16691
Non-Argument Calendar
_____

D.C. Docket No. 4:16-cv-00043-MW-CJK

STEVEN EUGENE TURNER,

Petitioner-Appellant,

versus

SECRETARY, DEPARTMENT OF CORRECTIONS,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Florida
_____

(April 26, 2018)

Before MARTIN, JILL PRYOR, and ANDERSON, Circuit Judges.

PER CURIAM:

Steven Eugene Turner, a Florida prisoner represented by counsel, appeals the district court's dismissal with prejudice of his 28 U.S.C. § 2254 petition as untimely.  He argues that, pursuant to Rogers v. Sec'y, Dep't of Corrs., 855 F.3d 1274 (11th Cir. 2017), the district erred in finding that his Fla. R. Crim. P. 3.800(c) motion to reduce his sentence did not toll his one-year limitations period under the Anti-Terrorism and Effective Death Penalty Act ("AEDPA").

We review *de novo* a district court's dismissal of a § 2254 petition as time-barred under the AEDPA.  Moore v. Crosby, 321 F.3d 1377, 1379 (11th Cir. 2003).  The district court's interpretation and application of the AEDPA limitations period is a question of law that we also review *de novo*.  Hepburn v. Moore, 215 F.3d 1208, 1209 (11th Cir. 2000).

The AEDPA imposes a one-year limitations period on all habeas corpus petitions that runs from the latest of, among other things, "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."  28 U.S.C. § 2244(d)(1)(A).  Further, the AEDPA provides that any time during which the applicant's properly filed application for state post-conviction or collateral review is pending shall not be counted toward any limitations period.  § 2244(d)(2).

Florida law provides that the state appellate court's *per curiam* decisions without opinion are not reviewable by the Florida Supreme Court.  Jackson v.

State, 926 So. 2d 1262, 1265-66 (Fla. 2006).  Thus, in such a case, a state prisoner's conviction becomes final when the U.S. Supreme Court denies *certiorari* or when the 90 day period to file a *certiorari* petition expires.  Chavers v. Sec'y, Fla. Dep't of Corrs., 468 F.3d 1273, 1274-75 (11th Cir. 2006).  The 90-day period for seeking *certiorari* review of a conviction runs from the date of entry of the judgment sought to be reviewed, not from the issuance of the mandate.  Id. at 1275.

An application for state post-conviction relief remains pending until the state's highest court has issued its mandate or denied review.  Lawrence v. Florida, 549 U.S. 327, 332 (2007).  In Florida, Rule 3.800(c) permits a state court to reduce or modify a legal sentence imposed by it, either *sua sponte* or upon motion.  Fla. R. Crim. P. 3.800(c).  A Florida prisoner may also file a motion for post-conviction relief under Rule 3.850 to vacate, set aside, or correct his sentence.  Fla. R. Crim. P. 3.850.

In Rogers, we held that a Rule 3.800(c) motion was an application for collateral review that tolls the limitations period for a federal habeas petition. Rogers, 855 F.3d at 1277.  Specifically, we reasoned that a Rule 3.800(c) motion allowed a prisoner to move for a reduction or modification of a legal sentence, which was "outside of the direct review process."  Id. (quotation marks omitted).

Ultimately, we noted that a Florida court's resolution of a Rule 3.800(c) motion may eliminate a prisoner's need to seek federal habeas relief.  Id.

The parties agree that the dispositive issue in this case is whether a motion made under Florida Rule of Criminal Procedure 3.800(c) is a tolling motion under 28 U.S.C. § 2244(d)(2). Pursuant to the controlling authority of our recent decision in Rogers, we hold that is.

In accordance with our precedent in Rogers, which was decided after the district court's decision but before briefing in Turner's appeal, the district court erred when it determined that Turner's Rule 3.800(c) motion to reduce his sentence was not an application for collateral review that would toll his one-year limitations period.  As the parties concede, Turner's § 2254 petition was timely after accounting for the time that the limitations period was tolled while his Rule 3.800(c) motion was pending.

**REVERSED AND REMANDED.**