[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-10643
Non-Argument Calendar
_____

D.C. Docket No. 6:15-cv-02109-ACC-DCI

JUAN SILVA,

Petitioner - Appellant,

versus

SECRETARY, DEPARTMENT OF CORRECTIONS,
ATTORNEY GENERAL, STATE OF FLORIDA,

Respondents - Appellees.
_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(July 6, 2018)

Before WILLIAM PRYOR, JORDAN, and ANDERSON, Circuit Judges.

PER CURIAM:

The Antiterrorism and Effective Death Penalty Act imposes a one-year statute of limitations in which a petitioner may file a writ of habeas corpus in a

federal district court, running from any one of four circumstances. *See* 28 U.S.C. § 2244(d)(1). The one-year clock may be tolled when a petitioner files post-conviction motions for relief in state court, *see* § 2244(d)(2), but not all motions toll the AEDPA one-year statute of limitations.

Juan Silva was convicted in Florida state court of numerous crimes, and his convictions became final, for purposes of the AEDPA one-year statute of limitations, on July 18, 2011. *See* § 2244(d)(1)(A). Following those convictions, and over the course of years, Mr. Silva filed a flurry of post-conviction motions for relief, namely under Florida Rules of Criminal Procedure 3.800 and 3.850. It is settled law that timely Rule 3.800(a) and Rule 3.850 motions toll the one-year AEDPA clock. *See Ford v. Moore*, 296 F.3d 1035, 1040 (11th Cir. 2002); *Cadet v. Fla. Dep't of Corr.*, 853 F.3d 1216, 1219 (11th Cir. 2017). But when Mr. Silva filed his petition seeking a writ of habeas corpus from the federal district court on December 14, 2015, it was an open question whether Rule 3.800(c) motions toll the AEDPA clock. The state concedes that if Rule 3.800(c) motions toll the AEDPA clock, then Mr. Silva's petition for a writ of habeas corpus was timely filed within the one-year statute of limitations. If they do not toll the clock, however, then Mr. Silva's petition was untimely.

On January 6, 2017, the district court ruled that Rule 3.800(c) motions do not toll the clock, and dismissed Mr. Silva's petition as untimely. During the

pendency of Mr. Silva's appeal, however, we held that Rule 3.800(c) motions do indeed toll the AEDPA clock. *See Rogers v. Sec'y, Dep't of Corr.*, 855 F.3d 1274, 1275 (11th Cir. 2017). Thus, Mr. Silva's habeas petition was timely filed within the one-year AEDPA statute of limitations. Accordingly, we vacate the district court's dismissal of Mr. Silva's habeas petition and remand for further proceedings.

**VACATED AND REMANDED.**