**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 20-6022**

ANDREW JOSEPH DICKS,

Petitioner - Appellant,

v.

WARDEN FRANK BISHOP; THE ATTORNEY GENERAL OF THE STATE OF
MARYLAND,

Respondents - Appellees.

**No. 20-6352**

ANDREW JOSEPH DICKS,

Petitioner - Appellant,

v.

THE ATTORNEY GENERAL OF THE STATE OF MARYLAND; WARDEN
CASEY CAMPBELL,

Respondents - Appellees.

Appeals from the United States District Court for the District of Maryland, at Baltimore.
George L. Russell, III, District Judge.  (1:17-cv-03667-GLR; 1:17-cv-00793-GLR)

Submitted:  March 24, 2021                    Decided:  April 23, 2021

Before WILKINSON, HARRIS, and QUATTLEBAUM, Circuit Judges.

No. 20-6022: dismissed; No. 20-6352: dismissed and remanded by unpublished per curiam opinion.

Andrew Joseph Dicks, Appellant Pro Se. Jer Welter, OFFICE OF THE ATTORNEY GENERAL OF MARYLAND, Baltimore, Maryland, for Appellee Attorney General of the State of Maryland.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In No. 20-6022, Andrew Joseph Dicks seeks to appeal the district court's order denying relief on his 28 U.S.C. § 2254 petition challenging his convictions in the Circuit Court for Baltimore County based on an alleged violation of *Brady v. Maryland*, 373 U.S. 83 (1963). The order is not appealable unless a circuit justice or judge issues a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1)(A). A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When the district court denies relief on the merits, a prisoner satisfies this standard by demonstrating that reasonable jurists could find the district court's assessment of the constitutional claims debatable or wrong. *See Buck v. Davis*, 137 S. Ct. 759, 773-74 (2017). When the district court denies relief on procedural grounds, the prisoner must demonstrate both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right. *Gonzalez v. Thaler*, 565 U.S. 134, 140-41 (2012) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

We have independently reviewed the record and conclude that Dicks has not made the requisite showing. Accordingly, we deny a certificate of appealability and dismiss the appeal in No. 20-6022.

In No. 20-6352, Dicks seeks to appeal the district court's order dismissing as time-barred his 28 U.S.C. § 2254 petition challenging his convictions in the Circuit Court for Anne Arundel County. This court may exercise jurisdiction only over final orders, 28 U.S.C. § 1291, and certain interlocutory and collateral orders, 28 U.S.C. § 1292; Fed. R. Civ. P. 54(b); *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 545-46 (1949).

3

"Ordinarily, a district court order is not final until it has resolved *all* claims as to all parties." *Porter v. Zook*, 803 F.3d 694, 696 (4th Cir. 2015) (internal quotation marks omitted). "Regardless of the label given a district court decision, if it appears from the record that the district court has not adjudicated all of the issues in a case, then there is no final order." *Id.*

Our review of the record reveals that the district court did not adjudicate all of the issues raised in Dicks' § 2254 petition. Specifically, the court did not address Dicks' argument that his § 2254 petition was timely because his motion for drug and alcohol treatment, pursuant to Md. Code. Ann., Health-Gen. §§ 8-505, -507 (2019), qualifies as a collateral review proceeding that tolls the one-year statute of limitations. *See* 28 U.S.C. § 2244(d)(2); *Wall v. Kohli*, 562 U.S. 545, 551-53 (2011) (defining "collateral review"); *Mitchell v. Green*, 922 F.3d 187, 189, 198 (4th Cir. 2019) (holding that motion for reconsideration under Md. Rule 4-345(e) qualifies as collateral review proceeding).

Additional factfinding is also necessary because the resolution of the motion for treatment is not apparent from the current record. The district court noted that the circuit court granted Dicks' request for drug and alcohol evaluation and treatment on September 21, 2011. But this is not entirely accurate. While the circuit court's docket sheet reveals that Dicks was committed for an evaluation on September 21, 2011, and that the court received the evaluation report on October 24, 2011, it is unclear whether the circuit court considered the merits of Dicks' request for treatment after reviewing the evaluation report or whether the motion is still pending as Dicks alleges.

4

Because the district court did not address a nonfrivolous argument regarding the timeliness of Dicks' § 2254 petition, we conclude that the order he seeks to appeal is neither a final order nor an appealable interlocutory or collateral order. Accordingly, we dismiss the appeal in No. 20-6352 for lack of jurisdiction and remand to the district court for consideration of the unresolved issue, including any necessary factfinding. *See Porter*, 803 F.3d at 699. We deny Dicks' motion for appointment of counsel. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

No. 20-6022: *DISMISSED;*
No. 20-6352: *DISMISSED AND REMANDED*